UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| LARRY BLOSE ) | Case No. 01-36066 |
| COLLEEN BLOSE ) | Chapter 7 |
|        Debtor. ) | |
| _____ ) | |

**MEMORANDUM**

This case comes before the Court on the Motion to Dismiss Civil Action Filed by the Debtor filed by Humana, Inc. ("Humana") and the Motion to Substitute Trustee for Purposes of the Jefferson Circuit Court Litigation filed by Wm. Stephen Reisz, the Chapter 7 Trustee ("Trustee") and the debtor, Colleen Blose ("Blose"). To address these motions, the Court will provide a brief chronology of the history of this case.

**FACTS**

1. Blose worked for Humana from January 3, 1995, to January 5, 2001, when Humana terminated her employment.

2. A little more than nine months later, on October 12, 2001, Blose filed a petition under Chapter 7 of Title 11. Jennifer Carlos, Esq., represented Blose in her bankruptcy case.

3. In Item 20 of Schedule B, which requires a debtor to list "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," Blose answered "None." Nowhere else in the petition or statement of financial affairs did the Debtor disclose that she possessed any claims against her former employer, Humana.

4. On November 13, 2001, the Trustee filed a Report of No Distribution indicating that this was a "no asset" case.

5.  On January 15, 2002, the Court granted Blose a discharge and closed this case.

6.  On September 30, 2004, Blose initiated a civil action against Humana in Jefferson Circuit Court. The action alleged disability discrimination, harassment, retaliatory discharge, and the intentional infliction of emotional distress. These claims arose out of Blose's employment with Humana during the period of December 1999 through her termination on January 5, 2001.

7.  On September 4, 2008, in response to an interrogatory propounded by Humana, Blose informed Humana for the first time that she previously filed for bankruptcy.

8.  A short time later, on November 18, 2008, Humana deposed Blose. During that deposition, Blose testified that she knew of her claims against Humana prior to the filing of her bankruptcy petition. She also admitted that she did not disclose these claims in her bankruptcy schedules or to the Trustee.

9.  On January 15, 2009, Humana filed a motion for summary judgment against Blose in the Jefferson Circuit Court action. Humana sought a judgment as a matter of law under two separate grounds. First, Blose failed to list this asset in her bankruptcy, and, consequently, Blose should be judicially estopped from pursuing the action. Second, since Blose failed to disclose this asset, the Trustee did not abandon it, and therefore only the Trustee had standing to bring this action.

10. On February 16, 2009, while the summary judgment was still pending in Jefferson Circuit Court, and more than seven (7) years after the closing of the bankruptcy case, Blose moved to reopen this case for the purpose of amending Schedules B and C.

11. The Court, without notice, granted the motion to reopen on February 17, 2009.

12. On February 25, 2009, Blose filed amendments to Amended Schedule B and Schedule C, listing the lawsuit against Humana and claiming it exempt. Blose only served these amendments upon the Trustee. She did not serve any creditors with the amendments.

13. The Trustee took no action, either to object to the exemptions or to file a Notice of Assets, and, on March 20, 2009, the bankruptcy case was re-closed.

14. At some point around this time, the Trustee became aware of Blose's claims against Humana. He filed a pleading in the Jefferson Circuit Court action entitled "Bankruptcy Trustee, Wm. Stephen Reisz, Ratification of the Commencement, Complaint, and Proceedings." In that document, the Trustee ratified the commencement of the action, and its continuation for the "protection of the Bankruptcy Estate to the extent that the asset is not exempt under the Bankruptcy Code." This document is dated March 9, 2009, and presumably filed with the state court on that date.

15. On March 26, 2009, Humana moved to reopen the bankruptcy case once again to stay the Jefferson Circuit Court action and to present to this Court the motion to dismiss the civil action.

16. On August 3, 2009, Blose filed in the Jefferson Circuit Court action a Motion to Enter Ratification, to Substitute Party and for Leave to File an Amended Complaint. In this motion, Blose sought court authority to substitute the Trustee as the party plaintiff.

17. On August 4, 2009, Humana filed the motion to dismiss currently before the Court. On that same date, the Trustee and Blose filed their motion to substitute.

## CONCLUSIONS OF LAW

The Court will first address Humana's motion to dismiss civil action. Humana moves that

3

this Court dismiss the civil action because Blose stated under oath that she possessed no claims, and failed to disclose her claims against Humana in her bankruptcy. Consequently, Blose, and the Trustee, should be judicially estopped from pursuing the omitted pre-petition claims. Both the Trustee and Blose oppose dismissal. While admitting that Blose failed to disclose the claims, they assert that Blose did not understand the nature of her claims, that the omission of the claims was inadvertent or by innocent mistake, and that Blose acted in good faith. In an affidavit attached to the response to the motion to dismiss, Blose indicated she did not realize, and that her attorney did not advise her, "what the Schedules meant." Blose noted that prior to the filing of the bankruptcy petition, she had not contacted an attorney regarding her claims against Humana, and that she had not filed suit against Humana.

Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). It is well-settled law that a cause of action is an asset that must be scheduled under § 521(1). *See Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (*quoting Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420 (6th Cir. 2005) (*quoting Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002).

In *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), the Supreme Court identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." In *Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002), the Sixth Circuit held that judicial estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Id.* at 775 (internal quotation omitted).

This case squarely satisfies the *Browning* standard. First, Blose's pursuit of her discrimination action is without question "contrary to" her sworn bankruptcy schedules. Blose's bankruptcy schedules, filed just nine months after her allegedly wrongful termination by Humana, indicated that she possessed no contingent or unliquidated claims. Approximately 31 months after receiving a Chapter 7 discharge, Blose filed a civil action against Humana, based upon actions that clearly took place prior to the filing of the bankruptcy petition in October, 2001. The law is clear that pursuing an undisclosed cause of action creates an inconsistency sufficient to support judicial estoppel. *See Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 898 (6th Cir. 2004); *Browning*, 283 F.3d at 775. Second, it is also clear that in granting a discharge and closing this "no asset" case, this Court adopted Blose's statement that she had no potential causes of action.

5

"Once a defendant demonstrates that a finding of judicial estoppel is supported by the record, a plaintiff must come forward and show why the doctrine should not apply under the facts of the case." *Pate v. United Parcel Service, Inc.*, 2006 WL 2076795 (E.D. Tenn. 2006). Here, the Trustee and Blose contend that judicial estoppel should not apply because her omissions resulted from a good-faith mistake. Judicial estoppel does not apply where the prior inconsistent position occurred because of "mistake or inadvertence." *See New Hampshire*, 532 U.S. at 753, 121 S.Ct. 1808 ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.") To determine whether the debtor's omission might be deemed inadvertent, the Sixth Circuit in *Browning* adopted the approach taken by the Fifth Circuit in *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir.1999). Under that approach, the failure to disclose a cause of action may be deemed inadvertent where (1) the debtor lacks knowledge of the factual basis of the undisclosed claim, or (2) the debtor has no motive for concealment of the claim. *Browning*, 283 F.3d at 776 (*citing In re Coastal Plains, Inc.*, 179 F.3d at 210).

Humana argues that judicial estoppel must apply because Blose knew of the factual basis for her claims when she filed for bankruptcy in 2001 and she possessed a motive to conceal the claims. Humana bases its argument on the November 18, 2008 deposition wherein Blose admits she knew of her potential claims. When asked if she were aware of her claims at the time of her termination, Blose responded in the affirmative. *Blose November. 18, 2004 Depo*. at 374. Blose also testified in the 2004 deposition that her father spoke with an attorney about her claims "several years ago." *Id.* at 373. Blose also possessed a motive to conceal her claim since any recovery post discharge would inure to her, rather than her bankruptcy estate. Thus, under the *Browning* standard, judicial estoppel should apply to prevent Blose from pursuing her claims.

This Court, however, cannot stop with the *Browning* standard. More recent case law from

the Sixth Circuit has held that a bankruptcy court must also consider an absence of bad faith in determining whether to apply judicial estoppel. *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894 (6th Cir. 2004). In *Eubanks*, the Circuit reversed the district court's decision to apply judicial estoppel despite the plaintiffs' knowledge of a claim that they had omitted from a previous bankruptcy petition case. In *Eubanks*, although the debtors omitted their cause of action from the bankruptcy schedules, they (1) orally notified the bankruptcy trustee of the claim during the meeting of creditors; (2) inquired of the trustee on several occasions about his intentions with respect to the claim; (3) filed pleadings in the bankruptcy court regarding the claim; (4) moved to allow the trustee to be substituted for plaintiffs after the action was filed and after the trustee refused to abandon the claim in the bankruptcy proceeding; and (5) filed an amendment to their original bankruptcy petition to add the action to their bankruptcy schedules. *Id.* at 896-97. The Circuit held that although the plaintiffs had knowledge of the claim during the pendency of the bankruptcy proceeding, they demonstrated that their omission was in good faith. The Circuit held the omission inadvertent given the plaintiffs' "constant affirmative" efforts to inform the trustee and the bankruptcy court of the claim "through correspondence, motions, and status conference requests . . . ." *Id.* at 899. Thus, in the absence of bad faith, the equitable principles governing judicial estoppel may not apply.

  Blose's actions in the present case fall far short of the actions taken by the debtors in Eubanks. Here, nothing has been presented showing that Blose disclosed these claims to the Trustee or this court until after Humana moved for summary judgment in state court. Indeed, Blose waited over <u>seven years</u> before notifying the Trustee and the court as to her claims. Unlike in *Eubanks*, Blose did not orally notify the Trustee at the meeting of creditors. She did not correspond with the Trustee with how to proceed with her claims. Only after Blose realized that her state law claims were in peril, did she move to reopen the case to list the lawsuit as an asset. Even more troubling

is that Blose only served her amendments upon the Trustee and not upon the whole creditor matrix as required by Fed. R. Bankr. P. 1009. Moreover, she immediately claimed the lawsuit exempt. By only serving the Trustee with the amendments, Blose prevented any other party from having an opportunity to object to the claimed exemption.

The Court also does not subscribe to the Sergeant Shulz[1] "I know nothing" defense. In *Salyer v. Honda of America Mfg., Inc.*, 2006 WL 3230807 (S.D. Ohio 2006), the court found the debtor had acted in bad faith when he omitted his claims. The court rejected the debtor's excuses that he was confused or that he did not understand the language in schedules because the debtor was represented by counsel. As in *Salyer*, Blose was represented by counsel at the time of her bankruptcy filing. She was not *pro se*. Furthermore, any attempt to blame the omission on her former counsel would not be well taken. An attorney's failure to properly advise a debtor does not relieve the debtor of his or her obligation to truthfully disclose. *Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx. 420 (6th Cir. 2005) (*citing Barger v. City of Cartersville, Georgia*, 348 F.3d 1289, 1295 (11th Cir. 2003)).

Even assuming Blose did not understand the language in the schedules, and that her attorney failed to adequately advise her of her obligations, both of which are unlikely, there can be no question that Blose knew she possessed a claim based upon Humana's pre-petition actions when she filed suit in Jefferson Circuit Court in 2004. At the latest, Blose should have moved to reopen her bankruptcy case to add the omitted lawsuit at that time. Instead, she waited over four years to make the amendment, and then only after Humana moved for summary judgment. Contrast this with the actions taken by the debtors in *Eubanks*, who notified the Trustee of their claims over two years before the defendant moved to dismiss. Had Blose moved to reopen the bankruptcy case in 2004,

---

[1] Lovable and laughable character in the television series "Hogan's Heroes."

or anytime prior to the summary judgment motion filed in January 2009, the Court may have been inclined to reach a different result.

The Court understands that Blose cooperated with the Trustee once she brought this matter to his attention. She allowed the Trustee to "ratify" her actions taken in Jefferson Circuit Court and joined in his motion to allow the Trustee's motion for substitution in both the state court and this court. These actions are too little, too late. Cooperation as a last resort, and in the face of dismissal strikes this Court as bad faith. The Court seriously questions whether Blose would have ever brought this matter to this Court's or the Trustee's attention had not Humana moved for summary judgment. All of these factors taken as a whole, compels this Court to conclude that Blose has not acted in good faith and, therefore, the Court should apply judicial estoppel. Because the Court is going to grant Human's motion to dismiss the civil action, there is no need to address the motion to substitute. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| LARRY BLOSE | ) | Case No. 01-36066 |
| COLLEEN BLOSE | ) | Chapter 7 |
|         Debtor. | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

IT IS HEREBY ORDERED that the civil action against Humana in Jefferson Circuit Court styled as Case No. 04-CI-08296, Colleen Blose v. Humana Inc. is dismissed with prejudice.

It is FURTHER ORDERED that this bankruptcy case will be re-closed forthwith.